[Civ. No. 3773. First Appellate District, Division One.—November 2, 1921.]

ABRAHAM GASH, Respondent, v. FRANK G. HAMMER et al., Copartners, etc., Appellants.

[1] SALES—CARLOAD OF CALIFORNIA CRANBERRY BEANS—VARIETY INTENDED—UNCERTAINTY OF CONTRACT—PAROL EVIDENCE.—Where a contract for the sale and delivery of a carload of California cranberry beans was uncertain as to which particular variety of cranberry bean was within the intendment of the parties at the time and place when the contract was made, the court was entitled to have recourse to oral evidence to clear up the uncertainty.

[2] ID.—EXECUTION AND PERFORMANCE OF CONTRACT OUTSIDE OF STATE — PAROL EVIDENCE — VARIETY KNOWN AS CALIFORNIA CRANBERRY BEAN.—Where a contract for the sale and delivery of a carload of California cranberry beans was made in the state of New York and was to be performed therein, and an uncertainty existed in the contract as to which of two varieties grown in California was within the intendment of the parties, oral evidence was admissible to show what kind of bean was known to the New York market and to the buyers as a California cranberry bean.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. M. Parcells for Appellants.

Robert B. Gaylord for Respondent.

RICHARDS, J.—This action is one in which the plaintiff seeks to recover the sum of $1,610, damages for the alleged breach of a written contract between the parties hereto for the sale and delivery by the defendants to plaintiff of a carload of California cranberry beans. The complaint alleges that on the second day of August, 1913, at the city of New York, the plaintiff and the defendants entered into a written contract whereby said defendants agreed to sell and deliver and said plaintiff agreed to purchase a carload containing 40,000 pounds of new crop choice, recleaned California cranberry beans at a price of $4.25 net per hundred

pounds, delivered free on board steamer at San Francisco, California, to be shipped thence to New York and to be paid for by drafts at ten days' sight; that prior to the time of arrival of said beans at New York and prior to the time when said plaintiff could have had an opportunity to examine said beans the draft for their purchase price arrived and was paid by the plaintiff; that when said consignment of beans arrived at New York in the month of December, 1913, and were examined by plaintiff it was found that said beans were not of the kind and quality called for in said contract, but were in fact Manchurian beans of inferior quality. Plaintiff therefore rejected the same, and notified defendants of such rejection, and demanded that the controversy thus arising between the parties be settled by arbitration as in said agreement provided, but the said defendants have refused to arbitrate said controversy or to respond to the demand of plaintiff for reimbursement of the damages sustained by the defendants' breach of their agreement.

The defendants in their answer expressly admitted the truth of the paragraph in the plaintiff's complaint wherein it was alleged that the defendants agreed to sell and deliver to said plaintiff a carload containing about 40,000 pounds of California cranberry beans; but they denied the breach of said agreement, and, on the other hand, alleged that in the month of December, 1913, they shipped to the plaintiff one carload of Manchurian beans, which were choice, recleaned cranberry beans grown in California, and were both of the quality and variety specified and called for in said contract and were in merchantable condition. The defendants further denied that they refused to arbitrate any controversy between themselves and the plaintiff as to the kind or quality of said beans, and denied that the plaintiff suffered any damages whatsoever.

The cause came to trial upon the issues thus presented, and upon its submission the trial court made and filed its findings of fact, wherein it was found that all of the allegations of the plaintiff's complaint as to the making, terms, and breach of the contract in question were true. Upon the question of damages the court found that the plaintiff was entitled to recover the sum of $1,395.91, with interest

thereon from January 31, 1914, to date, and accordingly rendered judgment for the aggregate sum of $2,037.80. The defendants prosecute this appeal from said judgment.

The sum of the contentions of the appellants herein is that the evidence does not sustain the findings of the trial court as to any breach on their part of the contract in question.

This contention is based upon the proposition that by the terms of their said contract they were not required to deliver to the plaintiff beans of any other kind or quality than cranberry beans grown in California; and that the so-called Manchurian beans so delivered by them in fulfillment of their said contract were cranberry beans grown in California of the merchantable quality required by their said contract.

Much evidence was educed upon the trial upon the question as to what was meant by the term ''California cranberry beans,'' which, according to the averments of the complaint and admissions of the answer, the defendants had agreed to sell and deliver. A fair *résumé* of this evidence shows the following to be the facts upon which the findings of the trial court were based: For some years prior to the year 1913 there had been grown in California a species of cranberry beans the seed of which had originally come from Italy, where the bean was known as Italian or Roman bean. This type of bean had improved under cultivation in California and had acquired an established reputation in the New York market under the name of ''California cranberry bean.'' During the seeding season of 1912–1913 in California growers had found it difficult to procure the seed of this particular species of bean, and accordingly one George Shima, a California bean-grower upon a large scale, had imported from Manchuria seed of a cranberry bean known as the Manchurian bean, and had grown therefrom extensively and during the growing season of 1913 cranberry beans, which he in turn had transferred to the defendants herein for sale in the eastern market. These Manchurian cranberry beans are a smaller, rounder bean than the California cranberry bean developed from the Italian stock. It is unquestioned that if the contract between the parties hereto contemplated by its terms the sale and delivery of the particular kind and quality of bean known as

"California cranberry beans," it was breached by the defendants in their attempt to supply the plaintiff with Manchurian cranberry beans, even though the particular lot transmitted to the plaintiff had been grown in California.

Upon the trial of the cause, the plaintiff in the first instance relied upon the express averments of his complaint to the effect that the defendants had contracted to sell and deliver to him California cranberry beans and upon the defendants' express admission of the truth of said averment. He therefore objected to the admission in evidence of the contract itself upon the ground that it responded to no issue in the case. The contract, however, was admitted in evidence. When its terms are examined, it is disclosed that in the main body of the contract it is recited that the buyer has bought and the seller sold "the qualities and varieties of California beans . . . named on reverse side." On the reverse side of the contract, under the heading "Description," are these words: "One carload new crop recleaned cranberry beans." It thus appears that the specific phrase, "California cranberry beans," is not used in the contract; and the defendants, therefore, upon the trial urged that they were only bound under said contract to furnish the plaintiff with any species of cranberry bean grown in California; and that the Manchurian beans grown by said Shima in California during the year 1913 sufficiently responded to the requirements of said contract. The plaintiff thereupon offered certain evidence in explanation of the terms of said contract tending to show that the only California grown cranberry bean known to the New York market prior to or during the year 1913 was the "California cranberry bean" of Italian origin, and that hence the plaintiff must be held to have contracted with reference to this particular kind and quality of bean. The defendants objected to this evidence upon the ground that it was inadmissible to explain the meaning of the contract, which was already sufficiently clear. The trial court admitted this evidence, and in accordance therewith gave to the contract the interpretation of which the appellants complain.

[1] We are of the opinion that in so doing the trial court committed no error; for while it is true that the contract between the parties does not contain the precise phrase "California cranberry bean," it does refer, when

read as a whole, to a California cranberry bean; and since it had appeared in evidence that there were two varieties of beans being grown in California during 1913, one of which was definitely known to the eastern market as the "California cranberry bean," the contract was thereby rendered uncertain as to which particular variety of cranberry bean was within the intendment of the parties to this contract at the time and place when it was made. This being so, the court was entitled to have recourse to oral evidence to clear up this uncertainty.

The appellants, however, contend that the evidence which the plaintiff offered under this ruling of the court was inadmissible for the further reason that it only purported to show what kind of bean was known to the New York market and to the plaintiff herein as a California cranberry bean; and that this evidence was immaterial and inadmissible, since the contract must be interpreted by the knowledge and usage of the place where it was to be performed, which they contend was California.

[2] We cannot agree with this latter contention. The contract was made in New York and was to be performed there on the plaintiff's part when, upon his receipt there of the shipping documents, he was to honor the draft drawn upon him for the purchase price. The mere fact that the carload of beans was to be placed upon the steamer at San Francisco does not of itself show that the contract was to be there performed, since the defendants retained full control of the shipping documents until such time as they were presented with the draft on the buyer in New York and were to be delivered upon the payment of said draft. The latter place was, therefore, the place where this contract was to be performed; and this being so, the trial court was entitled to take the offered evidence for the purpose of relieving said contract of its uncertainty and of carrying into effect the intendment of the parties as explained by the knowledge and usages of the place where said contract was both made and to be performed.

No other material questions being presented upon this appeal, the judgment is affirmed.

Kerrigan, J., and Waste, P. J., concurred.